$250.00 

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



**FILED**

FEB 0 2 2006

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

| | |
|---|---|
| **ARYE GOODMAN** | CIVIL ACTION |
| vs. | NO. **06  499** |
| **CITY OF PHILADELPHIA, PHILADELPHIA POLICE DEPARTMENT, POLICE COMMISSIONER SYLVESTER JOHNSON, POLICE OFFICER SCHWEIZER, POLICE OFFICER McNICHOLAS, and OTHER UNKNOWN OFFICERS** | JURY TRIAL DEMANDED |

<u>**COMPLAINT**</u>

Plaintiff, Arye Goodman, by and through his undersigned counsel, hereby files the within Civil Action against the above-named Defendants, and says:

1. This is a Civil Action seeking damages against the Defendants for committing acts, under color of state law, which deprived the Plaintiff of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice, with the intent to deny the Plaintiff equal protection of laws; and for violations and deprivations of due process; for police brutality; for refusing or neglecting to prevent such deprivations and denials to the Plaintiff. The Court has jurisdiction of this action under 42 <u>U.S.C.</u>, Section 1983 and 28 <u>U.S.C.</u>, Section 1343.

2. The Court also has jurisdiction under 28 <u>U.S.C.</u>, Section 1331.

3. The plaintiff, Arye Goodman, is a citizen and resident of the City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania and the United States of America.

4. Defendants, unknown Philadelphia police officers and officers Schweizer and McNicholas, at all material times and dates, were police officers employed by the City of Philadelphia and were supervised by Defendant POLICE COMMISSIONER SYLVESTER JOHNSON at all times material hereto.

5. Defendant, SYLVESTER JOHNSON, was the Police Commissioner for the City of Philadelphia at all times relevant to this Complaint.

6. Defendant, CITY OF PHILADELPHIA POLICE DEPARTMENT, is a law enforcement agency of the City of Philadelphia, organized under the laws of the Commonwealth of Pennsylvania.

7. Defendant, CITY OF PHILADELPHIA, is a municipal corporation, organized under the Laws of the Commonwealth of Pennsylvania.

8. Plaintiff sues each and all Defendants in both their individual and official capacities.

9. At all times material to this Complaint, POLCIE OFFICER SCHWEIZER, POLICE OFFICER McNICHOLAS, VARIOUS UNKNOWN POLICE OFFICERS, POLICE COMMISSIONER SYLVESTER JOHNSON, the PHILADELPHIA POLICE DEPARTMENT, and the CITY OF PHILADELPHIA acted under color of the statutes, customs, ordinances and usage of the Commonwealth of Pennsylvania, the City of Philadelphia, and the Philadelphia Police Department.

## COUNT I

10. Plaintiff incorporates the allegations contained in paragraphs 1 through 9 as though fully set forth at length herein.

11. Plaintiff is 37 years of age and was formerly a decorated New York City auxiliary police officer.

12. On or about February 2, 2004, Plaintiff, who had been a decorated New York City auxiliary police officer between 1986 and 1991, and was then serving as a bail enforcement agent (bounty hunter), was in the vicinity of 7th and Russell Streets in the City of Philadelphia. At the time he was investigating the whereabouts of a fugitive and had paperwork to show that he was pursuing this fugitive.

13. In the course of investigating his matter, the plaintiff approached various individuals who apparently were in the process of engaging in drug buys.

14. It was at or just after this time that the police arrested everyone in the area, including Mr. Goodman. According to the police, they observed Mr. Goodman "throw something to the ground" and proceeded to arrest him.

15. Subsequent to his arrest, Mr. Goodman was placed into a police vehicle. He was handcuffed and, while cuffed, was treated extremely roughly be various police officers, including defendant officers Schweizer and McNicholas.

16. His back brace, which was utilized by Mr. Goodman due to his prior back injuries, was taken away from him.

17. He was forced to spend a significant amount of time incarcerated and without proper medical treatment.

18. Plaintiff's ordeal was extremely exacerbated by the fact that he was denied the use of his back brace.

19. Plaintiff's back was so severely worsened by these assaults and deprivations that, during his incarceration and/or subsequent to his release, he was hospitalized for extensive periods of time and ultimately wound up in a wheelchair with permanent and extremely aggravated disabling injuries.

20. As a result of the wrongful assault by Defendants as well as the manner in which the Plaintiff was incarcerated wherein his existing disabilities were ignored and worsened specifically due to his ill treatment while being arrested and during his incarceration, Plaintiff suffered severe psychological and physical trauma. His self-image and self-respect were injured. In addition to this, the Plaintiff has sustained mixed permanent physical, emotional and neurological injuries. As a result of said injuries, Plaintiff has been unable to eat or sleep properly and has developed an extreme paranoia when confronted by the image or person of a police officer. Further, Plaintiff has suffered a severe and permanent exacerbation and aggravation of his previously healed back injuries requiring significant hospitalization as well as a tremendous diminishment of his physical abilities.

21. As a result of this assault, Defendants have deprived the Plaintiff of his right to due process, of his right to equal protection under the laws, and have impeded the course of justice, have physically, psychologically and emotionally scarred the Plaintiff, in violation of the 5th and 14th Amendments of the Constitution of the United States and 42 U.S.C., Section 1983 by the fact that he was wrongfully and hurtfully detained and his

physical handicaps were ignored and worsened by those police custodians whose responsibility it was to ensure that plaintiff's physical well-being was provided for.

**WHEREFORE**, Plaintiff, Arye Goodman, demands Judgment against the Defendants, POLICE OFFICER SCHWEIZER, POLICE OFFICER McNICHOLAS, PHILADELPHIA POLICE DEPARTMENT, POLICE COMMISSIONER SYLVESTER JOHNSON, UNKNOWN INDIVIDUAL POLICE OFFICERS and THE CITY OF PHILADELPHIA, jointly and severally, or in the alternative, for compensatory damages, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

The Plaintiff, Arye Goodman, demands judgment against all defendants who assaulted and/or wrongfully came into illegal and unjustifiable physical contact with him on or after February 2, 2004 jointly and severally, or in the alternative, for compensatory and/or consequential damages, and further demands Judgment against each of the said Defendants, jointly and severally, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

## COUNT II

1. Plaintiff incorporates the allegations contained in Count One as though fully set forth at length herein.

2. At all times relevant to this Complaint, Defendants, Philadelphia police officers, were acting under the direction and control of the Defendants, PHILADELPHIA POLICE DEPARTMENT, CITY OF PHILADELPHIA and POLICE COMMISSIONER SYLVESTER JOHNSON.

3. Acting under color of State law and pursuant to official policy and custom, Defendants, PHILADELPHIA POLICE DEPARTMENT, CITY OF PHILADELPHIA and POLICE COMMISSIONER SYLVESTER JOHNSON, knowingly, recklessly or with gross negligence failed to instruct, supervise, control of discipline on a continuing basis, Defendant police officers in their duties to refrain from:

   (a) Unlawfully and maliciously harassing citizens who were acting in accordance with their constitutional and statutory rights, privileges and immunities;

   (b) Unlawfully and maliciously assaulting and beating citizens and/or failing to adequately provide for their physical safety and well-being, or otherwise using unreasonable and excessive force during the process of making a lawful inquiry regarding an arrest, whether said conduct was lawful or unlawful;

   (c) Unlawfully and maliciously refusing to afford constitutional rights to citizens who acted in accordance with their constitutional and statutory rights, privileges and immunities;

   (d) Conspiring to violate the rights, privileges and immunities guaranteed to the Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Pennsylvania; and

   (e) Otherwise depriving the Plaintiff of his constitutional and statutory rights, privileges and immunities.

4. Defendant, PHILADELPHIA POLICE DEPARTMENT, CITY OF PHILADELPHIA and POLICE COMMISSIONER SYLVESTER JOHNSON, had they diligently exercised their duties to instruct, supervise, control and discipline on a

continuing basis, should have knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.

5. Defendants, PHILADELPHIA POLICE DEPARTMENT, CITY OF PHILADELPHIA and POLICE COMMISSIONER SYLVESTER JOHNSON had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence failed or refused to do so.

6. Defendant, PHILADELPHIA POLICE DEPARTMENT, CITY OF PHILADELPHIA and PHILADELPHIA POLICE COMMISSIONER SYLVESTER JOHNSON, directly or indirectly, under color of State law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants, Philadelphia police officers, heretofore described.

7. As a direct and proximate result of the negligent and intentional acts of Defendants, PHILADELPHIA POLICE DEPARTMENT, CITY OF PHILADELPHIA, and PHILADELPHIA POLICE COMMISSIONER SYLVESTER JOHNSON, as set forth above, Plaintiff suffered physical and psychological injury, loss of income and/or schooling, medical expenses and severe mental anguish in connection with the deprivation of his Constitutional and Statutory Rights guaranteed by the 4th, 5th, 8th and 14th Amendments of the Constitution of the United States and protected by 42 U.S.C., Section 1983.

**WHEREFORE**, the Plaintiff, Arye Goodman, demands judgment against all the Defendants, jointly and severally, or in the alternative, for compensatory damages, and further demands Judgment against each of the said Defendants, jointly and severally,

together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff respectfully demands trial by jury as to all issues so triable.

_____
**GLEN R. MORRIS, ESQUIRE**
Suite 2226, Land Title Building
100 South Broad Street
Philadelphia, Pennsylvania 19110
(215) 893-1222

DATED: 1/27/06

Attorney for Plaintiff

## VERIFICATION

I verify that the statements made in the foregoing writing and any attachments thereto are true and correct to the best of my information and belief. I understand that false statements therein are made subject to the penalties of 18 Pa.C.S., Section 4904, relating to unsworn falsification to authorities.

_____
**ARYE GOODMAN**

Date: 1/27/06